IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS AYALA SANCHEZ,

    Petitioner,                          No. CIV S-06-0824 LKK GGH P

    vs.

PLACER COUNTY SUPERIOR COURT,[1]

    Respondent.                       ORDER

_____/

        Petitioner is a state prisoner proceeding pro se, who apparently seeks to file an application for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and to proceed in forma pauperis. Petitioner's initial filing was in Spanish, although he has subsequently sought appointment of bi-lingual counsel by a filing in English.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has improperly named Placer County Superior Court as respondent. In future, a proper respondent should be named.

1

afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Although the court at this time is unable to discern whether petitioner may be entitled to habeas relief as any claim of a violation of petitioner's constitutional rights has as yet not been properly set forth, because he may be entitled to such relief, respondents will be served with petitioner's letter/petition, but shall not file a response at the present time.

At least for the purpose of filing a petition, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. The Federal Defender is appointed to represent petitioner;

3. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

    a. The number of days petitioner's counsel estimates it will take to file either:

        1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

        2. An amended petition which will proceed on exhausted claims only; or

        3. An amended petition which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[2] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any

---

[2] Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005).

1  new claims in state court.

2       b. Discovery and investigations;

3       c. Anticipated motions;

4       d. The need for and timing of an evidentiary hearing;

5       e. Enumeration and resolution of unexhausted claims; and

6       f. Possible future amendments to the pleadings.

7  Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to

8  do so may result in sanctions.

9      4. The Clerk of the Court shall serve a copy of this order on Jo Graves, Senior

10  Assistant Attorney General, and David Porter, Assistant Federal Defender.

11  DATED: 5/10/06

12                      /s/ Gregory G. Hollows

                            UNITED STATES MAGISTRATE JUDGE

13  GGH:009
    sanc0824.110