IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS AYALA SANCHEZ,

    Petitioner,                    No. CIV S-06-0824 LKK GGH P

    vs.

PLACER COUNTY SUPERIOR COURT,

    Respondents.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a former state prisoner proceeding with appointed counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As noted in the Order, filed on March 27, 2007, following the appointment of counsel for petitioner, petitioner was evidently deported to Mexico upon being paroled from Calipatria State Prison in August of 2006.[1]

        As petitioner, nevertheless, wished to proceed in this habeas matter because, as stated in the first amended petition (p.2), "[w]ere petitioner to return to the United States he would be subject to the terms of parole as well as the requirement that he register as a sexual offender pursuant to Penal Code section 290," petitioner's counsel was directed to inform the court whether or not petitioner was deported only as a result of the conviction at issue in this

---

[1] Upon filing a first amended petition on November 19, 2006, petitioner's counsel sought a stay and abeyance of the proceedings pending exhaustion of certain of petitioner's claims in state court. Subsequently, petitioner's counsel filed a notice, on March 2, 2007, that petitioner's claims had since been exhausted in the California Supreme Court.

petition. See Order, filed on March 27, 2007.  The court explained that it was unclear whether, absent the conviction/sentence petitioner challenges by this petition, petitioner could legally re-enter this country.  In a somewhat belated response, on May 2, 2007, counsel responded that the California Department of Corrections Release Program Study identifies petitioner as an "Actual Illegal Alien," and lists his county of residence under "Parole Unit Assignment" as ICE, a reference to Immigration and Customs Enforcement.  Petitioner's counsel asserts that he will be obtaining further documentation about the basis for petitioner's removal/deportation, stating that should the court need further information he would need an extension of time.

The issue here is not custody, since at the time of filing the petition, the petitioner remained incarcerated in the state prison system.  The issue becomes one of mootness, i.e., will petitioner suffer a cognizable, particularized injury amenable to correction if this amended petition is not adjudicated on the merits.  See Carty v. Nelson, 426 F.3d 1064, 1071 (9th Cir. 2005).

The court needs no additional information.[2]  It appears on the face of it that petitioner, deported as an illegal alien, cannot meet his burden to show that he could legally return to the United States such that he would ever be subject to any terms of parole and/or any requirement to register as a sexual offender pursuant to Penal Code section 290.  In fact, it appears that petitioner would have to commit a crime, that is by an illegal entry into the United States and by "continuing, unlawful presence in this country," I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1050, 104 S. Ct. 3479 (1984), before his challenge raised herein could ever become at issue.  The Supreme Court has found that Article III case-or-controversy requirements cannot be met when the imposition of the parole term, condition or restriction (or consequences arising therefrom) that is challenged is contingent upon a petitioner violating the law, being caught and convicted.  Spencer v. Kemna, 523 U.S. 1, 15, 118 S. Ct. 978, 986-87 (1998), citing Lane v. Williams, 455 U.S. 624, 102 S. Ct. 1322 (1982).  The Supreme Court noted that persons like

---

[2] A fair inference to be drawn from counsel's response is that counsel has no idea precisely where his client is presently located.

petitioner herein were required to avoid the criminal law violation which might give rise to application of an otherwise impossible consequence of a previous conviction.  Id.

Nor is Carty inconsistent with the above rule.  Carty involved a sex offender registration consequence which had some connection with the first SVP civil commitment proceeding which was at issue, even though the defendant had been released from that initial commitment at a later time in a second proceeding.  The petitioner in Carty did not have to break any laws to be subject to the registration consequence.  Equally inapposite is United States v. Plancarte-Alvarez, 366 F.3d 1058, 1063-64 (9th Cir. 2004) in which the Ninth Circuit found that a criminal action was not moot given the fact that a defendant had been deported because such deportation did not make it impossible to give "effectual relief" to the *government*.  Clearly, a petitioner who would have to violate the law in order to have standing is not in the same position as the *government*.  Because what is at issue in this petition has been rendered moot, the undersigned will recommend summary dismissal of this action.  Spencer v. Kemna, at 18, 118 S. Ct. at 988 ("[w]e are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.")

Accordingly, IT IS RECOMMENDED that this petition be summarily dismissed and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\
\\\\\
\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 5/22/07

        /s/ Gregory G. Hollows

        _____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009 -  sanc0824.fr