1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN CARLOS AYALA SANCHEZ,

12              Plaintiff,                    No. CIV 06-0824 ALA P

13

14         vs.

15   PLACER COUNTY SUPERIOR COURT, et al.,

16              Defendants.                   ORDER

17   _____/

18         Before the Court are Findings and Recommendations issued by Magistrate

19   Judge Gregory G. Hollows on May 22, 2007.  Docket No. 27.  The Findings and

20   Recommendations conclude that Mr. Ayala-Sanchez' Amended Habeas Corpus petition, filed

21   November 19, 2006, should be dismissed as moot because Mr. Ayala Sanchez was deported to

22   Mexico in August 2006 and therefore is no longer subject to any consequences of the conviction

23   he challenges in this action.  Judge Hollows rejects Mr. Sanchez' contention that "[w]ere [he] to

24   return to the United States he would be subject to the terms of parole as well as the requirement

25   that he register as a sexual offender pursuant to Penal Code section 290," on the basis that "it

26   appears that [Mr. Ayala Sanchez] would have to commit a crime, that is by an illegal entry into

27   the United States and by 'continuing, unlawful presence in this country,' . . . before his challenge

28   raised herein could ever become at issue."  Report and Recommendation at 2 (internal citation

omitted).  Judge Hollows then cited *Spencer v. Kemna*, 523 U.S. 1, 15 (1998) for the proposition

that "[the] Article III case-or-controversy requirements cannot be met when the imposition of the

parole term, condition or restriction (or consequences arising therefrom) that is challenged is

contingent upon a petitioner violating the law, being caught and convicted."  *Id.* at 2-3.

Although Mr. Ayala Sanchez' counsel had requested an additional thirty days to obtain more

information "concerning the basis for [Mr. Ayala Sanchez's] removal/deportation," Judge

Hollows stated that "[t]he court needs no additional information."  *Id.* at 2.

On June 1, 2007, Mr. Ayala Sanchez' counsel filed Objections to the Findings and

Recommendations.  The Objections provide additional information about the basis for Mr. Ayala

Sanchez' removal.  Specifically, they state that, *inter alia*, "the actual basis for his removal was

that he was an aggravated felon based upon the [conviction challenged in this action]; . . .

assuming [that] conviction were vacated, [Mr. Ayala Sanchez] would have to apply for a visa in

order to enter the United States; the granting of such a visa is entirely discretionary . . . [and]

assuming the . . . conviction is not vacated, [Mr. Ayala Sanchez] would be prevented from

lawfully returning to the United States for a period of 20 years."  Objections to Findings and

Recommendations at 2.  The Objections ask this Court to decline to adopt the Findings and

Recommendations, and instead "direct the Magistrate Judge to reconsider whether said Findings

and Recommendations should stand in light of the Homeland Security information provided

herein."  *Id.*

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  In view of the information provided by counsel for Mr. Ayala Sanchez on June 1,

2007, the Court will not consider the May 22, 2007 Findings and Recommendations (Docket No.

27) at this time; and,

2.  This matter is remanded to Magistrate Judge Gregory G. Hollows for further

///

///

///

///

1  consideration in light of the information provided by counsel for Mr. Ayala Sanchez in his June

2  1, 2007, Objections (Docket No. 28).

3

4  DATED: August 13, 2007

5                                                      /s/ Arthur L. Alarcón
                                                       UNITED STATES CIRCUIT  JUDGE
6                                                      Sitting by Designation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28