1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN CARLOS AYALA-SANCHEZ,

11          Petitioner,              No. 2:06-cv-00824-ALA-GGH (HC)

12      vs.

13   LARRY SCRIBNER, Warden,

14          Respondent.[1]            <u>ORDER</u>

15   _____/

16      Petitioner Juan Carlos Ayala-Sanchez is a former state prisoner, represented by counsel,

17   seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on alleged violations of his

18   federal constitutional rights.  Petitioner has been deported and now resides in Mexico.  (Doc. No.

19   22 at ¶VI).

20      Respondent, Larry Scribner, the Warden of Calipatria State Prison, filed a motion to

21   dismiss Petitioner's application on November 28, 2007.  Respondent maintains that the petition

22

23   ────────────

24      [1]Larry Scribner is the Warden of Calipatria State Prison, where the prisoner was
     incarcerated at the time of the filing of his original federal petition for a writ of habeas corpus.
     Mr. Scribner was also named as Respondent in Petitioner's first amended petition.  (Doc. No.
25   22).  Prior orders of this Court have erroneously named Placer County Superior Court as the
     Respondent in this matter.  Placer County Superior Court has never been a party in this matter.
26   The record is hereby corrected.

1

should be dismissed without consideration of the merits because Petitioner failed to exhaust state judicial remedies and has failed to state a claim.  Petitioner opposes the motion.  Respondent's motion to dismiss is granted and the petition is dismissed on the ground that Petitioner has failed to exhaust state judicial remedies.

**I**

**A**

On July 27, 2004, Petitioner pleaded guilty to two counts of lewd or lascivious acts with a child under the age of 14 years in violation of California Penal Code § 288(a).  Petitioner was sentenced to two three-year terms in state prison, to run concurrently.

**B**

On October 5, 2005, Petitioner's judgment and conviction were affirmed by the California Court of Appeal, Third Appellate District.  Petitioner did not file a petition for review with the California Supreme Court.

**C**

On April 17, 2006, Petitioner, proceeding pro se, filed the instant petition for a writ of habeas corpus.  (Doc. No. 1).  Counsel was appointed the following month.  (Doc. No. 6).

**D**

On November 19, 2006, Petitioner filed a first amended petition in the instant matter (Doc. No. 22) and moved for an abeyance of the proceedings pending state court exhaustion. (Doc. No. 23).  This Court denied the abeyance motion as moot and directed Petitioner to advise the court of the basis of Petitioner's removal or deportation.  (Doc. No. 25).  This Court recommended dismissal of the petition and Petitioner filed objections.  (Doc. Nos. 25 and 27, respectively).  This Court vacated its earlier findings and ordered Respondent to file and answer or otherwise respond to Petitioner's first amended petition.  (Doc. No. 31).

////

////

1          **E**

2          On November 20, 2006, Petitioner filed a petition for a writ of habeas corpus with the

3 California Supreme Court based on the same allegations contained in Petitioner's first amended

4 federal petition.  (Doc. No. 34, Exh. A).  On January 17, 2007, the California Supreme Court

5 denied the petition, citing as grounds "See *In re Wessley W.* (1981) 125 Cal.App.3d 240, 246; *In*

6 *re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)"  *See*

7 http://appellatecases.courtinfo.ca.gov Case No. S148172.

8          **II**

9          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

10 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

11 entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of

12 the court to notify the petitioner."  The Ninth Circuit has allowed respondents to file a motion to

13 dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state

14 remedies. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990) (using Rule 4 to

15 evaluate a motion to dismiss a habeas petition for failure to exhaust state remedies).

16          "To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly

17 presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon

18 and to correct alleged violations of its prisoners' federal rights.'"  *Lyons v. Crawford*, 232 F.3d

19 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001) (quoting *Duncan v. Henry*, 513

20 U.S. 364, 365 (1995)).  "[F]or purposes of exhausting state remedies, a claim for relief in habeas

21 corpus must include reference to a specific federal constitutional guarantee, as well as a

22 statement of the facts that entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-

23 63 (1996) (citing *Picard v. Connor*, 404 U.S. 270 (1971)).

24          A district court may not grant a petition for a writ of habeas corpus unless "the applicant

25 has exhausted the remedies available in the courts of the State," or unless there is no State

26 corrective process or "circumstances exist that render such process ineffective to protect the

1   rights of the applicant."  28 U.S.C. § 2254(b)(1).  A claim is unexhausted if any state remedy is

2   available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may

3   grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In

4   other words, the state prisoner must give the state courts an opportunity to act on his claims

5   before he presents those claims to a federal court in a habeas petition.").  "If a state court denies

6   a petition for post conviction relief on procedural grounds, the petitioner has not exhausted his

7   state remedies."  *Harris v. Superior Court of California*, 500 F.2d 1124, 1126 (9th Cir. 1974) (en

8   banc).  In *Harris*, the Ninth Circuit recognized that a summary denial by the California Supreme

9   Court citing *Swain* indicates that a petitioner's state petition was denied on the procedural

10  ground of lack of specificity.  "*In re Swain* . . . set[s] forth the rule that a court should deny a

11  petition for habeas corpus if it contains only conclusory allegations."  *McQuown v. MaCartney*,

12  795 F.2d 807, 808 n.1 (9th Cir. 1986).

13          Mr. Ayala-Sanchez filed a state habeas petition which the California Supreme Court

14  denied on November 20, 2006.  In his state petition, Mr. Ayala-Sanchez sought relief on two

15  stated grounds: 1) that he was denied counsel; and, 2) ineffective assistance of counsel.

16  Therefore, Mr. Ayala-Sanchez alerted the California Supreme Court that he was asserting federal

17  constitutional claims based on due process violations.

18          However, in his state petition, Mr. Ayala-Sanchez did not present specific facts sufficient

19  to support these claims.  Mr. Ayala-Sanchez's conclusory allegations did not permit the

20  California Supreme Court to conduct a meaningful review of his claims.  In denying Petitioner's

21  state petition, the California Supreme Court cited three cases in support of its denial.  Two of the

22  cases cited stand for the proposition that petitions for habeas corpus relief which lack sufficient

23  specificity will be denied as procedurally deficient.  In denying a petition for a writ of habeas

24  corpus, the court in *In re Swain*, 34 Cal. 2d 300 (Cal. 1949) held that "vague, conclusory [sic]

25  allegations . . . are insufficient to warrant issuance of the writ."  *Id.* at 303-304.  Similarly, in

26  *People v. Duvall*, 9 Cal. 4th 464 (Cal. 1995), the court denied a petition, holding that

4

> Because a petition for a writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment, the petitioner bears a heavy burden initially to plead sufficient grounds for relief, and then later to prove them. "For purposes of collateral attack, all presumptions favor the truth, accuracy, and fairness of the conviction and sentence; defendant thus must undertake the burden of overturning them."

*Id.* at 474-475 (quoting *People v. Gonzalez,* 51 Cal. 3d 1179, 1260 (Cal. 1990)).  The court explained in *Duvall* that

> to satisfy the initial burden of pleading adequate grounds for relief, an application for habeas corpus must be made by petition, and . . . (I) state fully and with particularity the facts on which relief is sought [citations omitted], as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations.

*Id.*

*In re Wessley W.*, (1981) 125 Cal. App. 3d 240, the other case cited by the California Supreme Court, reversed an order granting a writ because the respondent accused was unable to establish the status of his custody, rendering his petition procedurally deficient.  Citations to these cases by the California Supreme Court make it clear that Mr. Ayala-Sanchez's petition was dismissed as procedurally deficient.  Because the claims in Petitioner's first amended petition are unexhausted, they are subject to dismissal.  *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

Because Mr. Ayala-Sanchez's instant petition is dismissed for failure to exhaust state remedies, it is unnecessary to rule on Respondent's second argument that Mr. Ayala-Sanchez's petition should be dismissed for failure to state a claim.

Petitioner is forewarned that there is a one year limitations period in which Petitioner must file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).[2]  In most cases,

---

[2]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244(b)'s prohibition on filing second petitions.  *See In re Turner*, 101 F.3d 1323 (9th Cir.1996) (holding that AEDPA's bar for filing successive petitions does not apply to second or

the one year period starts to run on the date the California Supreme Court denies Petitioner's direct review. *Rose*, 455 U.S. at 521-22. The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).  However, the limitations period is not tolled for the time such an application is pending in federal court. *Duncan v. Walker*, 531 U.S. 991 (2001).

Based on the foregoing it is therefore ORDERED that:

1.  The petition for writ of habeas corpus be DISMISSED without prejudice; and

2.  The clerk of the court notify Petitioner of this Order.

The clerk is directed to enter judgment and close the case.

/////

DATED: August 5, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

subsequent petitions where the first petition was dismissed without prejudice for failure to exhaust state remedies). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

*Slack v. McDaniel*, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.